UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT D. POPE,

    Plaintiff,

vs.                                                               Case No. 13-14290

RES-CARE INC.,                                        HON. AVERN COHN

    Defendant.
_____/

## **ORDER OF DISMISSAL**

I.

Plaintiff Scott D. Pope, proceeding <u>pro se</u>, filed a complaint using a form complaint provided by the Clerk's Office for civil cases. For the reasons that follow, the case will be dismissed for lack of subject matter jurisdiction.

II.

On October 9, 2013, plaintiff filed a complaint naming Res-Care Inc. as the defendant in the caption. On the complaint form, plaintiff also listed Wayne Miller and Daniel Sheppard as defendants. Plaintiff's statement of claim reads in full:

> I have filed a discriminatory complaint against my supervisor (Wayne Miller) through the H.R. Depart. Within months of the complaint he began to subject me to different terms and conditions. Daniel Sheppard made false accusations against me. I was accuse [sic] of sexual harassment with a female student. Also Mr. Sheppard fail [sic] to stop Mr. Miler retaliation acts against me.

On October 16, 2013, the Court issued an Order to Show Cause, noting that the complaint raised jurisdictional concerns. (Doc. 3). The Court stated that plaintiff did not allege facts suggesting diversity of citizenship was present nor did plaintiff say whether his complaint was brought under state law or federal law. The Court therefore ordered

plaintiff to file a paper "**on or before October 29, 2013** stating the basis for federal jurisdiction. Failure to file a paper may result in dismissal of the case for lack of subject matter jurisdiction." Id at p. 2 (emphasis in original). Plaintiff did not file a paper in response to the Court's order and the time for doing so has passed.

III.

The Court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); see also FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (stating that a federal court is always "under an independent obligation to examine their own jurisdiction,"); Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may sua sponte dismiss an action when it lacks subject-matter jurisdiction."). A federal court may not entertain an action over which it has no jurisdiction. See Ins. Corp. of Ir. Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).

Moreover, under 28 U.S.C. § 1915(e)(2), a district court may dismiss a complaint filed without payment of the filing fee at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

When reviewing pro se papers, the Court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972); Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972). However, under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that

the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). Thus, "[p]ro se plaintiffs are not automatically entitled to take every case to trial." Price v. Caruso, 451 F. Supp. 2d 889, 893 (E.D. Mich. 2006) (quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996)).

IV.

The complaint in its present form does not contain sufficient information to establish federal jurisdiction. Additionally, plaintiff has not responded to the Court's order directing him to establish the basis for federal jurisdiction. Under these circumstances, the complaint is DISMISSED for lack of subject matter jurisdiction.

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys and/or parties of record on this date, November 13, 2013, by electronic and/or ordinary mail.

 S/Carol Bethel for Sakne Chami
Case Manager, (313) 234-5160